Hon. Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH ETHERAGE and KIRSTIN ETHERAGE, and the marital community thereof,

        Plaintiffs,

    v.

UNITED STATES,

        Defendant.

NO. CV11-5091-BHS

**JOINT STATUS REPORT**

The parties conferred on March 22, 2011, and submit the following joint status report and discovery plan:

1. **Nature and Complexity of the Case:**

Plaintiffs claim that Mr. West, an employee of the United States, engaged in libel and slander. The United States disputes this allegation. Plaintiffs allege that Mr. West was acting outside of the scope of his employment during the alleged libel and slander. The United States disputes this allegation. The United States has filed a Motion to Dismiss (Dkt. No. 6) which has been held in abeyance (Dkt. No. 11) pending a decision on the scope issue. The United States takes the position that, at this time, discovery is not appropriate because Plaintiffs have not identified a disputed material issue of fact. Plaintiffs dispute this contention. The parties anticipate that it could take up to six

JOINT STATUS REPORT
(CV11-5091-BHS) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

months to resolve the pending scope challenge and related discovery issues.  Should Plaintiffs succeed in their scope challenge, the parties will conduct discovery and brief the merits of the libel and slander allegation.

**2.      Results of FRCP 26(f) Conference:**

The parties conferred on March 22, 2011.

**3.      Deadline for Joining Additional Parties:**

The parties suggest that September 26, 2011 be set as the deadline for joining additional parties.

**4.      Statement of Mediation**:

The parties are amenable to mediation.

**5.      Scheduling of Mediation**:

The parties suggest that mediation be held no later than July 30, 2012.

**6.      Proposed Discovery Plan**:

The parties have agreed to the following regarding discovery methods to be used:

(a)      The FRCP 26(f) conference took place on March 22, 2011.  It is the United States' position that at this time no initial disclosures are appropriate.  The United States' position is that should the Court deny the United States' Motion to Dismiss, at that time, initial disclosures would be appropriate.  It is Plaintiffs' position that initial disclosures are appropriate.

(b)      Initially, the United States[1] opposes any discovery because it believes that Mr. West was acting within the scope of his employment during the relevant events.  Plaintiffs dispute that Mr. West was acting within the scope of his employment.  Should the Court find a material factual dispute as to scope, the parties would then engage in limited discovery relevant only to Mr. West's scope of employment.  Should the court find that Mr. West was not acting in scope during the course of his employment,

---

[1] Should the Court find that Mr. West was not acting within the scope of his employment, the United States will no longer be the defendant in this action.  At that time, it may be appropriate to enter a new Joint Status Agreement with the new individual defendant.

JOINT STATUS REPORT
(CV11-5091-BHS) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

discovery may include interrogatories, requests for production of documents, procurement of medical records via stipulation, and depositions.  The parties reserve their rights to conduct additional discovery within the scope and limits set forth in the Federal Rules of Civil Procedure, including, but not limited to, interrogatories, further requests for production. depositions not specifically identified herein, and expert witness discovery.

(c) At this time, the Plaintiffs and Defendant do not see any changes that should be made to the limitations on discovery imposed under the Federal and Local Civil Rules, other than those noted above.

(d) At this time, the parties are not aware of any steps that should be taken to minimize expense, other than those noted above.

(e) At this time, the parties are not aware of any orders that should be entered by the Court.

**7. Date by Which Discovery Can be Completed:**

Should the Court order discovery, the parties believe that discovery can be completed by June 11, 2012.  To ensure prompt resolution of initial issues, the parties will seek to complete discovery on the scope issue six months from any decision granting discovery into that issue.

**8. Full Time Magistrate Judge:**

The parties do not agree to a full time magistrate judge.

**9. Bifurcation:**

The parties do not believe bifurcation is necessary.

**10. Pretrial Statements and Order:**

The parties do not agree to dispensing with pretrial statements and a pretrial order.

**11. Other Suggestions:**

The parties do not, at this time, have other suggestions for simplifying or shortening the case.

JOINT STATUS REPORT
(CV11-5091-BHS) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | | |
|---|---|---|
| 1 | **12.** | **Trial Date:** |
| 2 | | The parties believe that this case will be ready for trial by September 17, 2012. |
| 3 | **13.** | **Trial by Jury:** |

Pursuant to the Federal Tort Claims Act, any trial against the United States will be a bench trial. To the extent that the United States is no longer a defendant, Plaintiffs request a jury trial.

**14.     Number of Trial Days:**

The parties estimate that the case can be tried in approximately six to seven days.

**15.     Trial Date Conflicts:**

None.

**16.     Vancouver Designation:**

This case should not be designated for trial at the Federal Building in Vancouver.

**17.     Service:**

All named defendants have been served.

**18.     Scheduling Conference**:

At this time the Defendant does not believe that a scheduling conference is necessary. Plaintiffs believe that a scheduling conference will expedite this case.

DATED this 23rd day of March, 2011.

| | |
|---|---|
| DITLEVSON ROGERS DIXON, P.S. | JENNY A. DURKAN<br>United States Attorney |
| /s/ Joe D. Frawley | /s/ Kayla C. Stahman |
| Joe D. Frawley, WSBA #41814 | Kayla C. Stahman, CABA #228931 |
| Ditlevson Rodgers Dixon, P.S. | Rebecca S. Cohen, WSBA #31767 |
| 324 West Bay Drive NW, Suite 201 | Assistant United States Attorneys |
| Olympia, WA 98502 | United States Attorney's Office |
| (360) 352-8311 | 700 Stewart Street, Suite 5220 |
| joef@buddbaylaw.com | Seattle, WA 98101 |
| Attorneys for Plaintiffs | (206) 553-7970 |
| | Attorneys for Defendant |

JOINT STATUS REPORT
(CV11-5091-BHS) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**ORDER**

The parties having stipulated and agreed, the above proposal is hereby so ORDERED. The Clerk is directed to send copies of this Order to all counsel of record.

DATED this _____ day of March, 2011.

                                                    _____
                                                    The Honorable Benjamin H. Settle
                                                    United States District Court Judge

JOINT STATUS REPORT
(CV11-5091-BHS) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970